Powell was seized in fee of the Lands in Question and by his last Will and Testament Devised the same to Mary the Wife of Ephraim Thomas in fee Thomas and his wife entered and were Seized in right of the Wife and by their Deed dated the 9th of April 1675 Acknowlfedged by them both in Eliz’a City County Court the Land was Conveyed to Owen Davis in fee; But it does not appear that the Wife was privately Examined — Davis’s Estate is derived to the Deft, and the Deft, and all those whose Estate he hath Enjoyed these Lands peaceably and Quietly ever since the Date of that Deed until the bringing of this Action being 54 years or thereabouts
Mary Thomas died upwards of 50 years ago leaving Issue two Daughters Elizabeth and Mary then very Young Her Husband lived 10 Years after and died An’o 1690. Elizabeth was two Years and Mary 6 Months old when their Mother died
Elizabeth married at the age of Eighteen Giles Dewberry & both of them died in December 1716 the same Day leaving Issue two Sons Giles and Thomas Giles accomplished his age of 21. and died without Issue some time in the year 1719. and Thomas the Surviving Son and Heir to his Mother is one of the Lessors of the Plaintif being about 22 years of Age
Mary the other Daughter married at 17 one Anthony Simons who died two Years after the Marriage she Surviving. After-wards she Married John Roberts in the Year 1703. He died A'o 1711. and she died 1719. leaving Issue John Roberts the other Lessor of the Pit.
So Thomas Dewberry and John Roberts the Grand Sons of Mary Tho’s under whose Deed we Claim entered and made the Lease to the Pit. the 1. Day of January 1728. The Deft, entered upon him & Ejected him
And the Question is Whether the entrey of the Lessors be Lawful or not Upon a Supposition that the Inheritance of the Lands in Que’on was not divested by the Deed Anno 1675. they have a Title as Heirs to their Grand Mother and we must not contend that point ag’t so many Resolut’ns [162] of this Court That nothing can pass by the Deed of a Feme Covert unless she *R51 Acknowledge it in Court and be privately Examined and the Exam’n entered upon Record
But I think they are barred by the Act of Limitation passed in the year 1710
Before I enter upon the Construction of that Act it will be necessary to shew two Acts of Limitation precedent to that in Order to make my Interpretation the more Intelligible
In the year 1662. an Act passed whereby five years peaceable possession of Land shou’d Confirm a Title with a saving to Feme Coverts, Infants &c. So as they shou’d prosecute their actions within five years after their Incapacities shou’d be removed
This Act subsisted till the year 1705 and then a new Limitation was introduced conformable to the Statute in England 21. Ja. 1.
That Act provided against Rights or Titles of Entrey that had accrued before the making the Act as well as such as shou’d accrue afterwards with a Saving to such as were Infants, Feme Coverts &c. at that time & to titles that shou’d afterwards descend to Persons under those Incapacities
The Limitation in this Act was to 20 Years and the Saving for 10 Years after full age, Discoverture &c. But it happened to be Repeal’d by the late Queen on Account of other matters in it
Then comes the Act of 1710. which is in the same words as to the Limitation, with that of 1705
I do not intend to Argue that these Repealed Acts can have any Operation upon the Pits. Title, But it wou’d have been very hard if the Legislature in 1710 had left all the Antient possessions exposed to any Later Titles that might rise up ag’t them, for many Titles were barr’d by the Act of 1662. which were revived by the repeal of the Act of 1705 particularly the Title of Mary the Mother of Roberts one of the Lessors of the Pit. for she was discovert before the Year 1703. and from that time the Act run ag’t her and besides she must have been at least 31 Years of age at the time of making the Act
And the Mother of the other Lessor was likewise barred at that time because she cou’d not be less than 32 Years old Therefore it was highly reasonable in making the new Limitation to provide for such Titles as had been established under the old Law’s Accordingly the Act of 1710. Provides “ That *R52 no Person or Persons that then had a right or Title of Entrey into any Lands &c. shou’d make any Entrey but within 20 Years next after their right or Title had descended, and in default [163] thereof they and their Heirs shou’d.be utterly excluded and disabled from any Entrey to be made after Provided that if any Person or Persons that at the time shou’d have any right or Title of Entrey were under age. Feme Covert &c. they and their Heirs notwithstanding the 20 Years are expired might bring their actions or make their Entrey as they might have done before the Act So as they or their Heirs shou’d within 10 years next after the coming of age Discoverture &c. or Death, take Benefit of and Sue for the same and at no time after ten Years
So that altho’ Infants and Feme Coverts were before barred by a long possession under the old Limitation, yet such as had a Title at the time of this Act were saved for ten Years after their disabilities shou’d be removed. But after that time the Act is express they and ■ their Heirs shall be forever barred.
Now the Persons who had a Title to this Land in October 1710 the time of making the Act, were Eliz’a Dewberry and Mary Roberts whose Heirs the two Lessors are. Their Title accrued to them upon the Death of their Father who died about the year 1690. 30 years before the Act. They were in 1710 under Coverture. Dewberry & his Wife died in December following, in the same Day, then from that time the 10 years run, upon her Heir (which was her 'eldest Son and now the Lessor Dewberry her Second Son) for the words are from the discoverture or Death. Roberts the Husband of the other died in 1711, from that time the 10 years run upon the other Lessors Mother who died Anno 1719.
This Ejectm’t was not brought till 1728. So one of the Lessors is Eight years and the other seven Years too late.
But on the other side it will be argued, that the saving Clause in this Act ought to receive a more liberal and Extensive Construction in favour of Infants and Feme Coverts That if there is not 20 Years Clear of these disabilities the Act shall be no bar So that if a Title Descends to an Infant, being a Woman, and before she attains her age of 21. she marries and continues under Coverture many Years and leaves an Heir under age and that Heir dies before 31. and the Title Descends to another *R53 Infant, that Infant may enter and bring an Ejectm’t. And if such an Interpretation shou’d prevail it may happen that 100 Years will be no Security.
But it is not possible I think to Interpret the Act in that manner without doing the greatest violence to the words. Yet since the Gentlemen of the other side must labour such a Construction if they say anything I will deliver my Sense of this saving Clause as fully as I can.
The Clause consists of two parts one respects Titles accruing before the Act, the other Titles accruing after the first part only Concerns our Case [164] As to the other, the words are, that if any Person that shall have any Title of Entrey shall at the time of such right or Title first descended be an Infant. Feme Covert &c. such Person and his or her Heirs may not withstanding the 20 years are expired bring an Action or make an Entrey, so it be done within 10 years after coming of full age discoverture &c. or Death.
Now the words (first descended) do necessarily imply these follow’g points. 1. That if a Title shou’d descend to a Person under none of these Disabilities and he dies within 20 Years leaving an heir under age or under Coverture Such Heir cannot be within the Saving Clause &c but will be barred when the 20 years are expired
2d. If a Title first descend to an Infant and he dies before 31. or to a Feme Covert and she dies before discoverture and the next Heir be an Infant or Feme Covert, they must bring Action within 10 Years after the death of the Person to whom the Title first descended
3d. If a Title descend to a Feme Sole under 21. Years of age and she afterwards marries she shall not have ten years after her Discoverture to bring Action but must bring it within ten Years after her coming of age and so it was Adjudged in one Carys Case of Lincolns Inn A’o 1710. upon the Statute of King Ja. 1. as Mr. Booth told me, Because when one disability has attached, the Party or her heirs can have no Benefit of another Vide. Bro. Reading upon the Statute of Limitation 110 So at the Common Law no disability is regarded but what subsisted at the time of the first descent As we shall see in the 2d. Case following
If an Infant hath a right to enter upon another who dieth Seized & the Land descends to the Issue during the time that *R54 the Infant is within age such Descent shall take away the Entrey of the Infant Litt. Sect. 402.
But if a Man seized of Lands in fee die his Wife priviment ensient with a Son and a Stranger abate & die Seized and after the Son is born he shall be bound by the Descent, because he at the time of the Descent have no right to enter Co. Lit. 241. b.
And tho if a Feme Sole of age takes Husband and a Descent is cast, that shall not take away the wife sentrey after discovert’e Because no folly can be imputed to an Infant Co. Lit. 246. b.
Yet in that Case the Feme can only take Advantage of her Coverture in respect to her Infancy But that is a Case at Common Law & the words in the Saving Clause of this Act cannot be so Construed.
[165] But the Court gave Judgm’t that the Lessor Dewberry was not barred for the moiety But that the Lessor Roberts was barred for the moiety of his Mother. Which depends upon a distinction that has no foundation. And is, I think clearly against the words of .the Law
However the Court, upon the Precedent of Burwell & Meekins Case {anted) Dismist the Pits. Action because one of the Lessors had no Title and so the Lease not good.